**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HOPE, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-2545** |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Mama Hope and Papa Hope allege that agents of the United States government engaged in unspecified January 6-related conduct that led to their son's forcible separation from his country and family. See ECF No. 1 (Compl.), ¶ 20. As a result of that forcible separation, Plaintiffs allege that they incurred financial costs and emotional distress and lost meaningful time with their son and grandchild. Id., ¶¶ 27–29, 30–39. They also allege that Verizon permitted government access to Papa Hope's Verizon account, which violated his privacy rights and contributed to the government's targeting, investigation, and stigmatization of their son. Id., ¶¶ 41, 43–44. So they are suing the United States for negligence, negligent infliction of emotional distress, and unlawful access, disclosure, or use of communications records, and they are suing Verizon for violating the Stored Communications Act and the Electronic Communications Privacy Act. Id., ¶¶ 50–70. Plaintiffs seek declaratory relief, plus compensatory, statutory, and punitive damages. Id., ¶ 80; id. at ECF p. 16.

They now move to proceed pseudonymously. See ECF No. 4 (Mot.). The Court will deny the Motion, subject to any further consideration by the United States District Judge to

whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motions in any case not already assigned," including "motion[s] to file a pseudonymous complaint").

## I. Legal Standard

The party-identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (cleaned up).

## II. Analysis

Plaintiffs have not shown that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

Start with whether this case concerns "a matter of a sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (cleaned up). The Complaint itself reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor," such as "sexual activities" or "medical concerns." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). Plaintiffs do not argue that any such information will arise in this case. Instead, they claim that this case presents "exceptional circumstances" because their identities are tied to the identity of their son, who they claim is proceeding pseudonymously as Washington Hope in a related, sealed case. See Mot., ¶¶ 1, 12. But Plaintiffs identify no sensitive or personal information in that related case that would be implicated by disclosure of their identities here, offering only vague assertions of "privacy" interests and "family-safety concerns." Id., ¶¶ 13–14. Even if Plaintiffs correctly contend that disclosure of their identities could help identify Washington Hope, his child, and related family members, they describe no privacy or safety risks that might arise from such identification. Without more, disclosure of Plaintiffs' identities does not implicate this factor. See In re Sealed Case, 971 F.3d at 327.

The next factor assesses "whether identification poses a risk of retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326. Even when plaintiffs fear retaliation against themselves or third parties, this factor weighs against pseudonymity if those fears are speculative and unsubstantiated. See Doe v. Rollins, 2025 WL 2623225, at *2 (D.D.C. Sep. 11, 2025). Such

is the case here. Plaintiffs claim that public identification could cause "exposure, harassment, retaliation, embarrassment, family intrusion, and practical safety concerns," see Mot., ¶ 20, but they give no reason to think that it would. Indeed, Plaintiffs do not identify who they envision retaliating against them, what would motivate such retaliation, or why disclosure makes such retaliation more likely. This factor cuts against them.

Turning to the ages of the people with relevant privacy interests, Plaintiffs allege that disclosure of their identities could help identify their minor grandchild. Id., ¶ 14. Although Plaintiffs are adults, they "share common privacy interests" with their minor grandchild "due to their intractably linked relationship," so this factor favors pseudonymity. Z.J. v. Dist. of Columbia, No. 23-1279, ECF No. 3 (Mem. Op.) at 4 (D.D.C. May 9, 2023) (quoting J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016)).

The fourth factor asks whether the action is against a governmental or private party. Plaintiffs have sued both the government and a private corporation. Courts generally disfavor pseudonymity in cases where defendants are private entities because private litigants "presumably have concerns about their respective reputations." Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66–67 (D.D.C. 2019). Verizon, a private business, likely has concerns about the reputational impacts of being "publicly charged with wrongdoing." Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014). In contrast, where the government is a defendant and a plaintiff requests only individualized relief, as in this case, pseudonymity is ordinarily favored. See Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op. & Order) at 5 (D.D.C. June 11, 2024). But the presence of government defendants does not diminish the reputational concerns at stake for Verizon. The fourth factor thus weighs against pseudonymity.

Finally, the Court assesses whether letting Plaintiffs proceed pseudonymously would prejudice Defendants. The Hopes have offered to disclose their identities under seal, see Mot., ¶¶ 9–10 , so this factor favors pseudonymity. See Doe v. Rubio, No. 25-4565, ECF No. 6 (Mem Op. & Order) at 6 (D.D.C. Jan. 30, 2026).

Plaintiffs' suit does not implicate any sensitive and personal information about themselves, they have shown no credible risk of retaliation, and they are suing a private defendant in addition to the government. While disclosing their names might intrude on their minor grandchild's privacy and letting them proceed pseudonymously would not prejudice Defendants, those facts do not tip the balance. The Court will therefore deny their Motion to Proceed Under Pseudonym.

Plaintiffs also make a passing request to seal their Complaint. See Mot., ¶ 30. Because that request is unaccompanied by any supporting argument or mention of the factors that govern such relief, see United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980), the Court similarly denies it.

The Court accordingly ORDERS that:

1. Plaintiffs' [4] Motion to Proceed Under Pseudonym is DENIED;
2. Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing their Complaint on the public docket using their real names, and, if so, they shall also file their [4] Motion on the public docket as an exhibit to the Notice; and
3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 14, 2026